UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIAS PORRAS, BERTHA PORRAS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1474-X |
| | § | |
| NUSTAR ENERGY LP, et. al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Elias Porras and Berth Porras's Motion to Remand. After due consideration, the Court **DENIES** the motion.

## I. Factual Background

Elias Porras is a former gasoline truck driver who alleges that he was exposed to benzene in the course of his work for twenty years. He alleges that these years of exposure is due to the Defendants' negligence while he connected and disconnected fuel transfer hoses, monitored fuel transfers, and performed other related duties at a petroleum products terminal in El Paso, Texas. Porras alleges that this exposure was the direct and proximate cause of Non-Hodgkins Lymphoma and multiple related effects.

Porras filed this suit in Texas state court and the Defendants removed, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331. Porras subsequently moved to remand, arguing that this Court lacks jurisdiction over his state-law claims because the complaint raises no federal claims.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree[.]"[1] "Without jurisdiction the court cannot proceed at all in any cause."[2]

"The right to remove a lawsuit from state to federal court is 'entirely a creature of statute[,]' and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'"[3] Courts strictly construe removal statutes.[4] And the removing party bears the burden of establishing subject matter jurisdiction and that removal is proper.[5] All doubts are resolved in favor of remand.[6]

## III. Analysis

The Court first addresses its jurisdiction. 28 U.S.C. § 1331 grants federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Generally, a case arises under federal law only where a federal question is presented on the face of a well-pleaded complaint, that is, a complaint that asserts the plaintiff's right to recovery based on federal law."[7] So,

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (cleaned up).

[2] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[3] *Enbridge Energy, LP v. Nessel*, 608 U.S. --, -- (2026) (alteration in original).

[4] *See Wazelle v. Tyson Foods, Inc.*, 2023 WL 11970598, at *2 (N.D. Tex. April 18, 2023) (Kacsmaryk, J.) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 810 (1986)).

[5] *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[6] *See id.*

[7] *La. Ind. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022).

ordinarily, a federal defense, even a preemption defense, cannot confer federal jurisdiction.[8]

Even so, there is a "special and small category" of cases that fall within an exception created by *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*.[9] The *Grable* exception applies if "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."[10] Removing parties invoking the *Grable* exception must meet all four requirements to ensure that there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."[11]

The Fifth Circuit has indicated that "[t]hese conditions are difficult to meet."[12] That said, the Fifth Circuit has also stated that "[t]he type of claim that creates a federal question under *Grable* is typically a state-law claim premised on some

---

[8] *See Bruneau v. F.D.I.C.*, 981 F.2d 175, 179 (5th Cir. 1992).

[9] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

[10] *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 529 (5th Cir. 2020) (cleaned up).

[11] *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (cleaned up).

[12] *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (citing *The Lamar Co.*, 976 F.3d at 529).

component of federal law" such as "a negligence claim that is premised on the existence of a duty established by federal law[.]"[13]

Porras's state claims fall in this narrow exception. First, Porras's state-law claims necessarily raise a federal issue because the Hazardous Materials Transportation Act expressly preempts all state law claims regarding the handling of hazardous materials.[14] So any liability must turn on the meaning of the Hazardous Materials Transportations Act. Second, the parties necessarily dispute whether the Defendants complied with the standards imposed by the Hazardous Materials Transportation Act. Third, the federal interest is substantial, in that Congress saw fit to expressly preempt all state law in this area. Fourth, while health and safety are traditionally the province of the states,[15] the transportation of hazardous materials is within the heartland of Congress's commerce authority.

Accordingly, the Court has jurisdiction over this case. The motion to remand is **DENIED**.

The Court **GRANTS** Porras leave to file an amended complaint, compliant with the federal pleading standards, within twenty-one days of the issuance of this Order.

---

[13] *Id.* (citing *Bd. Of Comm'rs of Se. La. Flood Prot. Auth.-E v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir. 2017).

[14] 49 U.S.C.A. § 5125(b)(B).

[15] *See Zyla Life Sciences, LLC v. Wells Pharma of Hou., LLC*, 134 F.4th 326, 330 (5th Cir. 2025) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)).

**IT IS SO ORDERED** this 20th day of August, 2026.

__________________________________

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE